MALAVÉ, PETITIONER AND APPELLEE, *v.* THE PEOPLE, RESPONDENT AND APPELLANT.

APPEAL from the District Court of Ponce in *Habeas Corpus* Proceedings.

No. 894.—Decided January 27, 1916.

FINE—ALTERNATIVE IMPRISONMENT—CONSTRUCTION OF LAW.—The Act of March 14, 1907, should not be restricted to a case in which a person sentenced to pay a fine or to alternative imprisonment is committed to jail and then desires to be released on payment of a part of the fine with an allowance for the time he has been imprisoned, but should also be applied to a case in which after having served out the total amount of his fine in jail without paying any part of it, the prisoner applies for his release.

ID.—CONSTRUCTION OF LAW.—The rule established by the Act of 1907 in regard to judgments of district, municipal and justice of the peace courts is general and when invoked by the convicted person is applicable notwithstanding the provisions of sections 54 and 322 of the Code of Civil Procedure. It is a right granted by the Legislature and should be recognized in all its plenitude.

The facts are stated in the opinion.

*Mr. Salvador Mestre, fiscal,* for the appellant.

*Mr. Rafael Martínez Nadal* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal taken by the *fiscal* from a decision of the District Court of Ponce discharging a prisoner on a writ of *habeas corpus.* On May 25, 1915, Tomás Malavé was convicted in the Municipal Court of Barros of the offense of abandonment of minors and was sentenced to pay a fine of $30 and the costs, amounting to $3.45, or to imprisonment in jail one day for each fifty cents of the fine and costs not paid. Not having paid the fine, he was imprisoned. in the Ponce district jail on May 31, 1915, and on July 8, 1915, he filed a petition for a writ of *habeas corpus* alleging that in accordance with the Act providing that all courts shall take into consideration the days served .in jail by a ·prisoner and deduct the same from the penalty imposed, approved March 14, 1907, (Acts of 1907, p. 303), he had more than served his sentence. The district court so held and ordered the discharge of the petitioner. Thereupon the *fiscal* took this appeal.

This court has decided several cases in which it considered the matter of alternative imprisonment fully. When the new Code of Criminal Procedure was adopted it contained two distinct provisions establishing two rules for the imprisonment of persons sentenced· to pay fines in case of their failure to pay the same; namely, section 54, which clearly refers to justice of the peace courts and fixes one day's imprisonment for each fifty cents of the fine and costs remaining unpaid, such imprisonment not to exceed ninety .days; and section 322, which is applicable to district courts and prescribes that the imprisonment shall not exceed one day for each dol-

lar of the fine nor extend beyond the term for which the defendant might be sentenced for the offense of which he was convicted. See *Ex parte Nazario,* 8 P. R. R. 438, and *Ex parte Andino,* 8 P. R. R. 462.

The law was so clear that the court, in establishing the rule, had only to quote its language. However, in 1907 the Legislature of Porto Rico enacted the act invoked by the petitioner, which contains only three sections and reads as follows:

"Section 1.—Any person sentenced by the District, municipal or justices of the peace courts to pay a fine and costs, or in default of payment of such fine and costs to be imprisoned in jail, and who, after having begun to serve the sentence, desires to obtain his liberty by paying the fine and costs imposed, shall be entitled to have the days which he may have served in prison set off against the fine and costs at the rate of one dollar for each day he may have been in prison under the sentence.

"Section 2.—Any law or part thereof in conflict with this is hereby repealed.

"Section 3.—This Law shall take effect immediately after its approval."

Did this act prescribe only one rule applicable to sentences imposed by the district courts as well as to those imposed by municipal courts and justice of the peace courts? The act itself answers the question in the affirmative.

Should the said act be applied strictly to a case in which a person who is sentenced to pay a fine and to alternative imprisonment begins to serve his term of imprisonment and then desires to be released on payment of a part of the fine with an allowance for the time he has been imprisoned, or should it be applied to the case in which after having served out the total amount of his fine in jail without paying any part of it the prisoner applies for his release?

In our opinion the statute covers both cases. It cannot be held in justice that a person who has been sentenced by a municipal court to pay a fine of $30, for example, and in default of payment to be imprisoned for the corresponding

term, may remain in prison twenty-nine days and then pay one dollar and obtain his release in accordance with the act of 1907, and if he fail to pay the dollar then, he will be confined in prison an additional thirty-one days to complete his sentence. The rule established by the Act of 1907 in regard to judgments of district, municipal and justice of the peace courts is general and when invoked by the convicted person is applicable notwithstanding the provisions of sections 54 and 322 of the Code of Criminal Procedure. It is a right granted by the Legislature and should be recognized in all its plenitude. Undoubtedly it would be preferable that the Legislature should harmonize all its enactments on this point; but, until this is done, we must enforce its latest enactment in accordance with the spirit by which it was clearly actuated.

The decision appealed from should be

*Affirmed.*

Justices Wolf and Hutchison concurred.

Chief Justice Hernández and Justice Aldrey dissented.

DISSENTING OPINION OF CHIEF JUSTICE HERNÁNDEZ AND JUSTICE ALDREY.

We cannot concur in the decision of the court of this date affirming the judgment appealed from. We are of the opinion that Tomás Malavé should be remanded to the jail in which he was serving sentence.

We base our opinion on the Act of March 14, 1907, providing that courts shall take into consideration the days served in jail by a prisoner and deduct the same from the penalty imposed. The first section of the said act provides that any person sentenced by the district, municipal or justice of the peace courts to pay a fine and the costs shall be entitled to have the days which he may have served in prison by reason of his failure to pay such fine set off against the fine at the rate of one dollar for each day he may have been imprisoned; but an indispensable condition to that benefit is that after having begun to serve his sentence in jail the prisoner shall

desire to obtain his liberty by paying the fine and costs imposed. The payment of the difference between the fine imposed and the amount allowed for the time he has served in jail at the rate of one dollar a day is a condition *sine qua non* to that benefit. That some part of the fine imposed must be paid is shown by the words "by paying the fine and costs," otherwise there would be no lawful reason which would entitle the prisoner to the benefit granted him by the act.

It was the intention of the Legislature to grant prisoners serving alternative imprisonment in default of payment of fines the benefit of having the fines reduced by the amount of one dollar for each day served in prison, but it did not grant them the right to obtain their liberty as soon as the total number of days served at the rate of one dollar a day equaled the amount of the fine. Such a right would be equivalent to placing in the hands of prisoners a means to avoid serving out sentences imposed under lawful judgments.

The Legislature desired to establish a rule for cases of persons undergoing alternative imprisonment in default of payment of fines who sought to obtain their liberty by paying the fines, and the rule laid down for such cases exclusively is that the days served in prison shall be set off against the fine at the rate of one dollar a day. There can be no reduction of the fine when nothing is paid.

"When a law is clear and free from all ambiguity, the letter of the same shall not be disregarded, under the pretext of fulfilling the spirit thereof." Civil Code, § 13.

For the foregoing reasons we must arrive at the conclusion that the law should be applied strictly to a case in which a person who has been sentenced to pay a fine and, in default thereof, to imprisonment, begins to serve out the sentence and then desires to obtain his liberty by paying a part of the fine and having the sentence reduced by the time served in prison, but it cannot be extended to a case in which a prisoner who has served out the whole amount of the fine

in prison without paying any part thereof applies for his release.

The District Court of Ponce made an improper application in this case of the act referred to and its judgment should have been reversed.